UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re DAVID L. PETERSON
In re DAVID D. CAHALAN, et al.
In re ROGER G. SMITH, et al.
In re RANDLE CARR
In re DANIEL RINGLER
In re STEVEN ERSHIG
In re WILLIAM DODGE, et al.
In re MICHAEL F. ROBERTS, et al.
In re ALLAN S. TROUPIN

C12-1829 TSZ

ORDER

THIS MATTER comes before the Court on claimant Port of Bellingham's motion for partial summary judgment, docket no. 89, and plaintiffs' cross-motion for summary judgment, docket no. 91. Having reviewed all papers filed in support of, and in opposition to, each motion, the Court enters the following order.

**Discussion**

In these consolidated actions, plaintiffs seek to limit their liability as owners of non-commercial pleasure crafts that were moored in a boathouse in Squalicum Harbor, which is a navigable waterway, when a fire erupted, destroying the boathouse, causing the vessels at issue to sink, and claiming the lives of Jim A. Langei and Sterling Taylor. The Port of Bellingham is the only entity that has filed a claim or an answer as required by Supplemental Admiralty Rule ("SAR") F(5), and the Court has previously entered default against any other person who asserts a claim with respect to which plaintiffs seek

ORDER - 1

exoneration or limitation of liability pursuant to the Limitation of Liability Act (the "Limitation Act"), specifically 46 U.S.C. § 30505(b). <u>See</u> Minute Order (docket no. 88). The Langei and Taylor Estates (the "Estates"), which did not file an SAR F(5) claim or answer in this matter, are among the entities as to which default has been declared.

With respect to the Port of Bellingham's claims against plaintiffs for property damage, loss of income and profits, costs of delay on an ongoing construction project, salvage, wreck, and debris removal costs, pollution damage, and costs owed to the United States Coast Guard, the parties have reached a settlement, <u>see</u> Stipulation (docket no. 59), and those claims were deemed voluntarily dismissed with prejudice when the Port of Bellingham filed amended SAR F(5) claims and answers, <u>see</u> Minute Order (docket no. 60); <u>see also</u> Amended SAR F(5) Claims (docket nos. 61-69); Amended Answers (docket nos. 70-78). The remaining claims asserted by the Port of Bellingham are brought in the context of third-party practice, seeking to recover from plaintiffs in the event that the Port of Bellingham is held liable to the Estates for the deaths of Langei and Taylor. The Estates have asserted wrongful death claims against the Port of Bellingham in the related case C12-946Z. The Estates did not formally assert any similar claims against plaintiffs, but the Estates and plaintiffs have allegedly settled all disputes between them.[1]

---

[1] Plaintiffs indicate in their motion for summary judgment that a copy of the Receipt and Release of All Claims executed by the Estates was attached to the Declaration of Emilia L. Sweeney. <u>See</u> Motion at 8 (docket no. 91). No such document was submitted along with or even referenced in said declaration. <u>See</u> Sweeney Decl. (docket no. 92).

ORDER - 2

As already held in the related case, <u>see</u> Order (C12-946, docket no. 74), the Court rules in this case that, to the extent the Port of Bellingham's claims against plaintiffs are premised on the various Moorage Agreements executed by each plaintiff, or the Port's Harbor Rules, Regulations, and Procedures ("Harbor Rules") that are incorporated by reference therein, plaintiffs' liability, if any, will not be limited to the salvage value of their respective vessels.  <u>See</u> <u>Coryell v. Phipps</u>, 317 U.S. 406, 410 (1943) ("The limitations acts have long been held not to apply where the liability of the owner rests on his personal contract."); <u>Mediterranean Shipping Co. S.A. Geneva v. POL-Atl.</u>, 229 F.3d 397, 403 (2d Cir. 2000).  In addition, to the extent that the Port of Bellingham's claims against plaintiffs are based on plaintiffs' ownership and/or maintenance of the boathouse at issue, plaintiffs' liability, if any, will not be limited pursuant to the Limitation Act because the boathouse does not qualify as a "vessel."  <u>See</u> 46 U.S.C. § 30502; 1 U.S.C. § 3 ("The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water."). These two issues being the only matters on which the Port of Bellingham sought relief, the Port of Bellingham's motion for partial summary judgment is GRANTED.[2]

Plaintiffs' cross-motion for summary judgment, however, is DENIED.  Plaintiffs assert that, in light of the alleged settlement between plaintiffs and the Estates, the doctrine announced in <u>McDermott, Inc. v. AmClyde & River Don Castings, Ltd.</u>, 511 U.S.

---

[2] The Court makes no ruling regarding whether the Port of Bellingham's claims against plaintiffs are actually premised on the Moorage Agreements and/or Harbor Rules or any breaches thereof or whether the claims have any merit.

ORDER - 3

202 (1994), bars the Port of Bellingham's claims for indemnification based on the Moorage Agreements and/or Harbor Rules. *McDermott* does not, however, apply to contractual claims for indemnification, and as to this issue, plaintiffs' cross-motion for summary judgment is DENIED with prejudice. With respect to contribution among tortfeasors, the Court DENIES plaintiffs' cross-motion for summary judgment without prejudice.[3]

The Court is satisfied that genuine disputes of material fact concerning how the fire at issue started and why it spread, as well as whether plaintiffs' vessels and the boathouse can be ruled out as causes, preclude summary judgment. *See* Fed. R. Civ. P. 56(a). Thus, plaintiffs' cross-motion for summary judgment is otherwise DENIED.

**Conclusion**

The Court hereby ORDERS:

(1) Plaintiffs' motions to strike, docket nos. 104 and 108, are DENIED;

(2) Claimant Port of Bellingham's motion for partial summary judgment, docket no. 89, is GRANTED;

(3) Plaintiffs' cross-motion for summary judgment, docket no. 91, is DENIED in part with prejudice and in part without prejudice;

---

[3] The applicability of *McDermott* is reserved until closer to trial, and will not be addressed in the absence of briefing from the Estates and others involved in the related litigation, some of which might be prejudiced by the ruling proposed by plaintiffs.

ORDER - 4

(4)     The parties in this case will be requested to attend the scheduling conference to be set in Case No. C12-946 TSZ; counsel will be advised of the date and time for such scheduling conference after it is set; and

(5)     The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record.

IT IS SO ORDERED.

Dated this 21st day of November, 2014.

Thomas S. Zilly
United States District Judge

ORDER - 5